■ PATTI KATZ, Respondent, v FROST EQUITIES Co. et al., Appellants.—Order, Supreme Court, New York County (Andrew R. Tyler, J.), entered December 2, 1985, which granted plaintiff's motion for a preliminary injunction enjoining defendants from disposing of the shares allocated to plaintiff's apartment and from executing upon the final judgment of possession as provided by the terms of a certain stipulation between the parties, unanimously reversed, on the law, with costs and disbursements, and the motion denied.

Plaintiff and her husband, the purported assignees of a lease, entered into a stipulation in settlement of a summary dispossess proceeding instituted by the landlord, Frost Equities, to challenge the assignment. The stipulation provided for the entry of a final judgment of possession in favor of Frost with issuance of the warrant of eviction stayed until September 30, 1985, the expiration date of the underlying lease. The stipulation further provided that in the event the apartment building was offered for cooperative conversion on or before September 30, 1985, plaintiff and her husband would be given the opportunity to purchase the subject apartment at the insider price and, upon execution of and payment under a subscription agreement, the right to remain in occupancy until the closing. If there were no cooperative offering by September 30, 1985, or if plaintiff and her husband chose not to purchase on or before that date then the judgment would remain in full force and effect and they would vacate on or before September 30, 1985. On June 27, 1985, Frost, the sponsor of a cooperative eviction plan, forwarded a copy of the proposed offering plan or "red herring" to the husband as "a courtesy" and for "information only". The plan explicitly stated that the apartments could not be sold or offered for sale until the offering plan was filed with the Department of Law. On August 9, 1985, plaintiff and her husband entered into a separation agreement which provided, *inter alia,* that plaintiff

had the sole right to the lease and occupancy of the apartment and to any rights as tenant with respect to the purchase of the apartment in the event it was offered under a plan of cooperative conversion. Plaintiff thereafter, on September 6, 1985, notified Frost of her desire to purchase the apartment at the insider price under the conversion plan as circulated. Frost immediately notified plaintiff that no offering for cooperative conversion had been made. In this action for declaratory and injunctive relief, Special Term granted plaintiff's motion for a preliminary injunction enjoining Frost from offering the shares of stock allocated to the apartment to anyone except her, and from executing upon the judgment of possession. Since we believe that plaintiff has not shown a clear right to injunctive relief, we reverse.

Until an offering plan is accepted for filing by the Department of Law there is no offering of shares in a cooperative plan and there can be no acceptance. "The circulation or dissemination of a non-firm offer (including * * * dissemination of a preliminary prospectus * * *) shall not constitute making or taking part in a public offering within the meaning of this section." (General Business Law § 352-e [1] [a].) Moreover, "[n]o offer * * * shall be made * * * until the [A]ttorney [-G]eneral has issued * * * a letter stating that the offering has been filed." (Subd [2].) Even as of this date, we are advised, the offering plan has yet to be accepted for filing. Thus, it is clear that the proposed plan does not constitute an offering.

Plaintiff's argument that the proposed offering plan constitutes a nonpublic offering within the contemplation of the stipulation is equally unavailing. General Business Law § 352-e (5) provides that no offering or sale of the shares allocated to an apartment can be made except on the basis of the representations constituting the offering statement, which must be first filed with the Attorney-General and copies furnished to the prospective purchaser. Thus, the concept of a nonpublic offering does not apply to cooperative conversions. Nor, even under plaintiff's analysis, does the proposed offering plan constitute an offer. It was furnished to her husband as a courtesy only, for informational purposes. Moreover, and as already noted, the proposed plan itself states that the apartments may not be offered for sale until the plan is filed with the Department of Law.

Since plaintiff cannot show a likelihood of success, the preliminary injunction should not have been granted. Concur —Kupferman, J. P., Sullivan, Carro and Milonas, JJ.